W. D. Parker, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Nora D. Parker, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 8646, 8647.   Promulgated October 26, 1928.

*R. C. McBee, Esq.*, for the petitioners.
*W. H. Lawder, Esq.*, for the respondent.

## OPINION.

LANSDON: The petitioners claim that the respondent erred (1) in his disallowance of, as a sales cost, the $15,000 claimed as commissions paid; (2) in his determinations of depreciation to improvements and personal property conveyed; (3) in excluding from the value of the property sold a merchandise inventory of $4,895; (4) in his determination of profit realized on said sale during the taxable years; (5) in excluding from the value of the personal property the sum of $27,000, representing tenants' accounts; and (6) in excluding from the cost of property sold the amount of petitioner W. D. Parker's interest in the growing crops.

The evidence is deplorably lacking in many essential features of this case and the record leaves so much for conjecture that it is extremely difficult to arrive at a satisfactory conclusion. The meager evidence concerning the first three assignments of error supports the action of the Commissioner, which is approved.

In support of the fourth assignment, petitioners claim that that part of the gross sales price intended to represent consideration for the personal property conveyed was not, under the terms of the deed, included in the installment payments evidenced by the serial notes maturing after January 10, 1920, but was payable out of the first cash payment of $10,000, and the subsequent payments, aggregating $240,000, made during the taxable years; and that the Commissioner erred in classifying the sale of the personalty as an installment sale, and should have deducted its value from the payments made during these years, before reckoning the profits for such years. In support of this contention petitioners cite that part of the deed, hereinabove set forth, which provides " that the lien retained on the personal property shall be canceled when the sum of $250,000 shall be paid on or before January 10, 1920."

Construing the deed from its four corners, there is nothing within its provisions to indicate that such an intent as contended for by the petitioners was in the minds of the makers at the time of its execution; neither does the record support such an inference. The deed names the total consideration as " $695,000 " in a lump sum, without any reference to apportionment. Two conveying clauses follow—one conveying the realty, the other the personal property, and each in specific terms declares this sum to be the consideration for the property conveyed. The liens created cover all of the property without apportionment or classification, and there is nothing in the entire deed from which a separate valuation for any of the property, whether real or personal, may be inferred. Release clauses, such as are found in this deed, are not unusual in conveyances of mixed property, or of real property subject to subdivision, where the purchaser desires to sell a part before having paid the entire purchase price. Such, from the evidence, would seem to have been the intention of the purchasers in this case, and the fact that the value of the property to be released from the liens was, accepting petitioners' highest valuation, but a slight margin over 25 per cent of the amount of the payments required to effect such release, is evidence that the provision of the deed cited bears no relationship whatever to the price of the personal property sold. The action of the Commissioner in this connection is, therefore, sustained.

Petitioners' further contention that there was no profit realized during the taxable years, on this sale, for the reason that the total payments received were less than the cost as determined by the Commissioner and also for the further reason that the notes received on the sales price were without value, is not supported by the record. The Commissioner correctly classified this transaction as an installment sale and properly apportioned the profits reportable thereunder as collected for the taxable years.

As to the tenants' accounts, the evidence shows that they were debts owing to the petitioner for merchandise sold and were to be paid after the crops were marketed, he in the meantime retaining a lien upon the tenants' crops to insure payment. The contention of respondent that they were a business expense of petitioner would have merit had the petitioner been in actual personal operation of the plantation and the tenants been in his employ at wages from which these accounts were deductible, but the evidence indicates that the tenants were farming on their own account and that Parker was their landlord and not their employer. These accounts were living expenses of the tenants and formed no part of the cost of Parker's interest in the crops. They were, therefore, subject to sale; were sold; and should have been included in the valuation of the property of petitioner W. D. Parker when sold, thereby reducing by the amount thereof the profits realized from the sale of the land.

The remaining question has to do with the action of the Commissioner in excluding the value of petitioner's interest in the growing crops from his calculation in determining the cost value of the property sold. Petitioners claim that the value of the interest in growing crops should have been excluded by the Commissioner in his determination of gain derived from the sale of the realty. This, however, would not change the tax liability of petitioners since they have shown no cost of these interests to them; and, if they are net rentals from the land, as indicated by the evidence, they are taxable as such, although reckoned separately. The respondent claims that inasmuch as growing crops are realty and belong to the land to which they are attached, their value is included in the appraised value of the real estate. There can be no question to the general proposition of law that growing crops belong to the freehold, and in case of a sale of the same pass to the purchaser, provided the seller owns both the land and the crops, but a different rule obtains where the interests of tenants intervene. The actual farming on this plantation was carried on by tenants, but upon what basis or terms we are not advised. There is sufficient evidence to show the relationship of landlord and tenant, also to indicate a sharing in the crops by each; but whether, under their contract there was a joint or several ownership in the crops until a division was made does not appear. Under similar conditions this Board held in *W. S. Peebles*, 5 B. T. A. 386, that the landlord's interests in the growing crops of his tenants were realty, that their value was properly included in the inventory made of the lands, and that it was error to classify them separately. Under the facts in this case the action of the Commissioner in so excluding them from the cost value of the property is approved.

*Decision will be entered under Rule 50.*